## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
BRITE VISUAL, INC.  doing business as,   )
US MARKERBOARD,   )
     Plaintiff,   )
               )
     v.   )     **Civil Action No. 09cv11013-NG**
               )
MARSH INDUSTRIES, INC.,   )
     Defendant.   )
_____
GERTNER, D.J.

### MEMORANDUM AND ORDER RE: MOTION TO DISMISS AND TO STAY CASE
July 15, 2010

## I.      INTRODUCTION

Defendant Marsh Industries, Inc. ("Marsh") has filed a motion to dismiss in the instant case (document #8).  The defendant alleges that the plaintiff's complaint should be dismissed on the following grounds: 1) plaintiff fails to allege the amount in controversy exceeds $75,000.00 as required for diversity jurisdiction; 2) plaintiff fails to allege that the district court has personal jurisdiction over the defendant; 3) plaintiff's claim should have been brought as a compulsory counterclaim in a pending state court proceeding in Ohio; 4) Colorado River abstention applies to this case; and, 5) the complaint fails to state a claim upon which relief may be granted.  For the following reasons, this case is **STAYED** under Colorado River abstention until a judgment on the merits is reached in the Ohio state court proceedings between these two parties.

## II.            PROCEDURAL HISTORY

On June 14, 2009, plaintiff Brite Visual, Inc. ("Brite Visual") filed suit against defendant Marsh, alleging that Marsh engaged in unfair and deceptive practices, in part by breaching its contract with Brite Visual, with the intention of causing plaintiff economic harm and detriment

to its good will in violation of Mass. Gen. Laws ch. 93A.  The defendant has moved to dismiss the complaint for a number of reasons.

## III.    STATEMENT OF FACTS

Plaintiff Brite Visual (d/b/a US Markerboard) is a leading retailer in the school-related visual display business.  (Pl.'s Compl. ¶ 6, document #1.)  Defendant Marsh is an industry leader in supplying retailers with visual display products.  For the past ten years, Marsh has been a key supplier to Brite Visual of visual display products, dry erase boards, and white boards.  (Id. ¶ 4.) Marsh supplied Brite Visual with, on average, approximately forty percent of the products Brite Visual sold on an annual basis.  (Id. ¶ 5.)

In July 2008, Marsh terminated its relationship as a supplier to Brite Visual.  (Id. ¶ 7.) This termination left Brite Visual with outstanding custom orders based on prices Marsh had quoted prior to the termination.  (Id. ¶¶ 11-12.)  Brite Visual was consequently required to find supplier arrangements at higher prices to meet its existing orders.  (Id. ¶ 12.)

On September 5, 2008, Marsh filed a complaint in the Tuscarawas County Court of Common Pleas in Ohio against Brite Visual.  In its complaint, Marsh alleged that Brite Visual had breached its contract with Marsh by failing to pay the balance it owed to Marsh totaling (as of September 3, 2008) $59,324.68.  Compl. ¶¶ 1-8, Marsh Indus., Inc. v. Brite Visual Prods., Inc., No. 2008 CV 09 0665 (Ohio Common Pleas Ct. Sept. 5, 2008) (Ex. 2 to Pl.'s Mem. in Opp'n, document #14).

On December 11, 2008, Brite Visual filed an amended answer to Marsh's Ohio complaint, counterclaims against Marsh, and crossclaims against a third party, John Doe.  Am. Answer, Counterclaim, & Crossclaim, Marsh Indus., Inc. v. Brite Visual Prods., Inc., No. 2008

CV 09 0665 (Ohio Common Pleas Ct. Dec. 11, 2008) (Ex. 3 to Pl.'s Mem. in Opp'n, document

#14).  It denied the allegations in Marsh's complaint and brought counterclaims of promissory

estoppel, breach of implied contract, and violation of Ohio's Valentine Act (Ohio Rev. Code

Ann. §§ 1331.01 et seq.).  Id. at 9-11.  Brite Visual also brought a crossclaim against a John Doe

for tortious interference with a business relationship.  Id. at 12-13.  The Ohio case was scheduled

to go to trial on June 22, 2010, but it appears from the state-court docket that the trial has been

cancelled.

IV.     ANALYSIS

   A.      The Plaintiff Has Sufficiently Pleaded That this Court Has Subject-Matter
           Jurisdiction over the Defendant

        The defendant first alleges that the plaintiff's complaint should be dismissed for failure to

plead subject-matter jurisdiction since the plaintiff fails to allege that the amount in controversy

exceeds $75,000.00 and does not identify the statutory basis for the Court's jurisdiction.

        In this case, the only basis for subject-matter jurisdiction would be diversity jurisdiction

under 28 U.S.C. § 1332.  While Federal Rule of Civil Procedure 8(a)(1) requires that a complaint

include a short and plain statement of the grounds for the court's jurisdiction, it does not require

citation of a particular statute by name, so long as the factual basis for the federal court's

jurisdiction is "affirmatively and distinctly" alleged.  Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.,

706 F.2d 633, 636 (5th Cir. 1983) (quoting 5 C. Wright & A. Miller, Federal Practice and

Procedure § 1206, at 78-79 (1969 & Supp. 1983)).  A court cannot dismiss an action for failing

to satisfy section 1332's amount in controversy requirement unless "'from the face of the

pleadings, it is apparent, to a legal certainty, . . . that the plaintiff never was entitled to recover' a

sum equal to, or in excess of, the jurisdictional minimum." Barrett v. Lombardi, 239 F.3d 23, 30

(1st Cir. 2001) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)).

A plaintiff may support its claim that the amount in controversy exceeds $75,000.00 by

amending its pleadings or by submitting affidavits.  Dep't of Recreation & Sports v. World

Boxing Ass'n, 942 F.2d 84, 88 (1st Cir. 1991).

      The plaintiff has sufficiently alleged in its complaint that Marsh and itself are citizens of

different states.  Brite Visual is a Massachusetts corporation with a usual place of business in

Holbrook, Massachusetts.  (Pl.'s Compl. ¶ 1.)  Marsh, according to the complaint, is an Ohio

corporation with a principal office in New Philadelphia, Ohio.  (Id. ¶ 2.)

      The plaintiff has also established that the amount in controversy is likely to exceed

$75,000.00.  The plaintiff explains that Marsh was responsible for supplying it with

approximately 40% of the products it sold on an annual basis and that it spent in excess of

$350,000.00 on advertising, with the preponderance of those funds directed to sell Marsh's

products.  (Id. ¶ 5.)  It is therefore possible to conclude that plaintiff's sale of Marsh's products

brought in over $75,000.00, and the loss of such business would total over $75,000.00

Furthermore, Scott Newman, the CEO of Brite Visual, stated in an affidavit filed after defendant

filed its motion to dismiss, that Brite Visual has revenues in excess of $6.8 million from products

it sold (approximately 40% of which it bought from Marsh).  (Aff. of Scott Newman ¶¶ 4, 9, Ex.

1 to Pl.'s Mem. in Opp'n.)  Newman also states that the defendant's demand that plaintiff

remove all of its products from plaintiff's website at the time of its termination of the contract

alone cost over $80,000.00.  (Id. ¶ 7.)  These statements satisfy the requirements of subject-

matter jurisdiction.

**B.      Plaintiff Has Sufficiently Pleaded That the District Court Has Personal Jurisdiction over the Defendant**

To the extent that Marsh argues that Brite Visual has not sufficiently alleged that this Court has personal jurisdiction over it, its challenge is unavailing.  Marsh does not contest Brite Visual's assertion that Marsh conducts sufficient business in Massachusetts to satisfy the state's long-arm statute and the requirements of the Due Process Clause.  <u>See</u> Mass. Gen. Laws ch. 223A, § 3(a); <u>see also</u> <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 319-20 (1945).  Thus, there is no basis for defendant's argument and dismissal on this ground is unwarranted.

**C.      Brite Visual States a Claim Under Mass. Gen. Laws ch. 93A**

The Court rejects Marsh's contention that Brite Visual's complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failing "to allege that the 'actions and transactions constituting the alleged unfair method of competition occurred primarily and substantially within the Commonwealth.'"  (Def.'s Mem. in Support of Mot. to Dismiss 9 (quoting Mass. Gen. Laws ch. 93A, § 11).)  Brite Visual's complaint alleges that it is headquartered in Massachusetts, that Marsh has supplied its Massachusetts-based business for a decade, and that its injuries were suffered within the Commonwealth.  These allegations are more than sufficient to overcome a motion to dismiss under Rule 12(b)(6), especially considering that Marsh, not Brite Visual, would ultimately bear the burden of proving that its challenged conduct did not occur "primarily and substantially within the Commonwealth" if this case ever went to trial.  Mass. Gen. Laws ch. 93A, § 11; <u>see also</u> <u>Amcel Corp. v. Int'l Executive Sales, Inc.</u>, 170 F.3d 32, 36 (1st Cir. 1999).  Although Marsh does not press the issue, the Court also notes that Brite Visual's complaint contains sufficient factual allegations to state a claim that Marsh engaged in "unfair or deceptive acts or practices in the conduct of any trade or

commerce" in violation of Mass. Gen. Laws ch. 93A, §§ 2, 11.  See Bell Atl. Corp. v. Twombly,

550 U.S. 544, 570 (2007); Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48-49 (1st

Cir. 2009).

> **D.     As the State Court Proceeding Has Not Reached a Final Judgment, the District Court Cannot Preclude the Plaintiff's Claim for Failure to Raise it as a Compulsory Counterclaim**

Marsh further argues that the Court should dismiss Brite Visual's complaint because

Brite Visual's claim in this case was a compulsory counterclaim in the Ohio state action.  Marsh

contends that the claim in the case at bar arises from the same transactions as the claims at issue

before the state court.

Federal courts cannot "permit an action to be maintained where the claims asserted

should have been brought as a compulsory counterclaim in an earlier action." Soni v. Boston

Med. Ctr. Corp., 683 F. Supp. 2d 74, 92 n.6 (D. Mass. 2009) (quoting Procare Labs., Inc. v. Gull

Labs., Inc., No. 93-16623, 1995 U.S. App. LEXIS 5192, at *4 (9th Cir. Feb. 14, 1995)).  In

determining whether a claim is precluded, a federal court should give a judgment rendered in a

state court the same preclusive effect in federal court as it would be given within the state in

which it was rendered.  Pisnoy v. Ahmend (In re Sonus Networks, Inc., Shareholder Derivative

Litig.), 499 F.3d 47, 56 (1st Cir. 2007) (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465

U.S. 75 , 81 (1984)).  In Ohio state court, res judicata will bar a compulsory counterclaim once

the original action reaches a final judgment.  Countrywide Home Loans Servicing, L.P. v. Stulz,

832 N.E.2d 125, 131 (Ohio Ct. App. 2005).

In determining whether a claim in federal court was a compulsory counterclaim in an

earlier state court action, the law of the state in which the court action proceeded also governs

"whether the new claim should have been brought as a compulsory counterclaim."  <u>Soni</u>, 683 F.

Supp. 2d at 92 n.6 (quoting <u>Procare Labs.</u>, 1995 U.S. App. LEXIS 5192, at *4).  Under the Ohio

Rules of Civil Procedure:

> A pleading shall state as a counterclaim any claim which at the
> time of serving the pleading the pleader has against any opposing
> party, if it arises out of the transaction or occurrence that is the
> subject matter of the opposing party's claim and does not require
> for its adjudication the presence of third parties of whom the court
> cannot acquire jurisdiction.

Ohio Civ. R. 13(A).  To determine if claims arise out of the same transaction or occurrence, Ohio

courts utilize the "logical relation" test: "[a] compulsory counterclaim is one which 'is logically

related to the opposing party's claim where separate trials on each of their respective claims

would involve a substantial duplication of effort and time by the parties and the courts.'"  <u>Rettig</u>

<u>Enters., Inc. v. Koehler</u>, 626 N.E.2d 99, 103 (Ohio 1994) (quoting Staff Notes (1970) to Civ. R.

13).  Claims are compulsory counterclaims where they "involve many of the same factual issues,

or the same factual and legal issues, or where they are offshoots of the same basic controversy

between the parties."  <u>Id.</u> (quoting <u>Great Lakes Rubber Corp. v. Herbert Cooper Co.</u>, 286 F.2d

631, 634 (3d Cir. 1961)).

      Under the logical relation test, Brite Visual's claim here should be a compulsory

counterclaim in the Ohio state court proceeding.  Both cases focus on which party is responsible

for the termination of business arrangements between the parties in the summer of 2008.  As the

allegations between the parties overlap both factually and time-wise, they are "logically related."

Brite Visual concedes that "[t]he underlying facts are undoubtedly similar" and "[u]ndoubtedly

there will [be] some overlap of the evidence adduced in both matters."  (Pl.'s Mem. in Opp'n 8-

9.)  As a final judgment on the merits has not been reached in the state court at this time,

however, this Court cannot yet find that the claim is wholly precluded and dismiss on that

grounds.  The better practice is to address the <u>Colorado River</u> abstention, to which I now turn.

### E.    <u>Colorado River</u> Abstention Is Appropriate in this Case

Due to the close similarities between the issues involved in the two cases, and the late

stage of the proceedings in Ohio state court, this case should be stayed under the <u>Colorado River</u>

abstention doctrine until a judgment has been reached in the Ohio proceeding.

Although federal courts have a "virtually unflagging obligation . . . to exercise the

jurisdiction given them," the Supreme Court has recognized that federal courts may in

exceptional circumstances decline to exercise jurisdiction over a case presenting claims that are

concurrently pending in a parallel proceeding in state court.  <u>Colo. River Water Conservation</u>

<u>Dist. v. United States</u>, 424 U.S. 800, 817-21 (1976).  In determining whether abstention is

appropriate under <u>Colorado River</u>, a court examines eight factors:

> (1) whether either court has assumed jurisdiction over a *res*; (2) the
> inconvenience of the federal forum; (3) the desirability of avoiding
> piecemeal litigation; (4) the order in which the forums obtained
> jurisdiction; (5) whether state or federal law controls; (6) the
> adequacy of the state forum to protect the parties' interests; (7) the
> vexatious or contrived nature of the federal claim; and (8) respect
> for the principles underlying removal jurisdiction.

<u>United States v. Fairway Capital Corp.</u>, 483 F.3d 34, 40 (1st Cir. 2007) (quoting <u>KPS & Assocs.</u>

<u>v. Designs by FMC, Inc.</u>, 318 F.3d 1, 10 (1st Cir. 2003)).  "These factors are not 'exhaustive, nor

is any one factor necessarily determinative.'"  <u>Id.</u>  They should be applied in a "pragmatic,

flexible manner with a view to the realities of the case at hand."  Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 22 (1983).

The strongest factors weighing in favor of abstention in this case are the desirability of avoiding piecemeal litigation and the order in which the forums obtained jurisdiction.  The latter factor "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."  Id. at 21.  The "absence of proceedings in the District Court, other than the filing of the complaint, prior to the motion to dismiss" is a factor favoring dismissal.  Id. at 22 (quoting Colorado River, 424 U.S. at 820).

Here, Marsh filed its complaint in state court nine months before Brite Visual filed the instant suit in federal court.  A trial in the Ohio case was scheduled for June 22, 2010, until it was recently cancelled; discovery has apparently ended; depositions have been taken; subpoenas have been issued; and motions in limine have been argued and decided.  In contrast, the only substantial proceedings in the federal suit involve defendant's motion to dismiss.  It is therefore highly probable that the state proceedings will proceed to judgment long before this Court.

If this federal proceeding were to go forward, piecemeal litigation would also likely occur.  "'Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results.'"  LaDuke v. Burlington N. R.R. Co., 879 F.2d 1556, 1560 (7th Cir. 1989) (quoting Day v. Union Mines Inc., 862 F.2d 652, 659 (7th Cir. 1988)).  The same issues would be raised in the state and federal court proceedings, as both would focus on the break down in business relations between the two parties starting in July 2008: The alleged failure of Brite Visual to pay Marsh, and the alleged failure of Marsh to provide Brite Visual with the supplies it had ordered.  Determining who should be held liable for

which breach will necessarily require analyzing both sides' actions, as their timing overlaps and they seemingly relate to one another. Moreover, Brite Visual's claims in the Ohio proceeding raise substantially the same issues as its complaint here: Whether Marsh breached the terms of a contract between the two parties by refusing to provide Brite Visual with the supplies it ordered, and whether it intentionally did so to cause harm to Brite Visual. To avoid piecemeal litigation, it is therefore appropriate for this Court to abstain until the state proceedings have concluded.

The remaining factors in deciding whether abstention is appropriate are not determinative in this case. Factor one is not relevant due to the absence of a *res* in this case. Factor two (the inconvenience of the federal forum) is not helpful as the relevant evidence and potential witnesses for this case are equally likely to be in Massachusetts, the principal place of business of Brite Visual, and Ohio, the headquarters of Marsh. See Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 915 F.2d 7, 15 (1st Cir. 1990) (noting that in raising the "inconvenience" factor, the Supreme Court "seemed to be concerned with the physical proximity of the federal forum to the evidence and witnesses"). Proceeding in Ohio versus Massachusetts is therefore equally inconvenient for one side.

Factor five, whether state or federal law controls, is straight forward: State law clearly controls, as both cases involve only state-law issues. Usually, this factor is an issue only if federal law is involved in a case as the presence of federal-law issues may weigh against abstention; the presence of state-law issues will only in "rare circumstances" weigh in favor of temporarily surrendering federal jurisdiction and abstaining. Cone, 460 U.S. at 26; see also Colo. River, 424 U.S. at 819-820 (noting that the fact that the bulk of the litigation in a case would revolve around state-law water rights managed by state officials and that state law

established a single continuous proceeding for adjudicating the claims weighed in favor of abstention).

As for the final three factors, there is no reason to doubt that the Ohio state court proceedings will protect the interests of the parties, and there is no evidence that Brite Visual's federal claim is "vexatious or contrived."  Finally, the principles of removal jurisdiction are only relevant if Brite Visual has filed in federal court to evade the policies of 28 U.S.C. § 1441, which does not appear to be the case here.  See Fairway Capital, 483 F.3d at 44.

In sum, the factors weighing most heavily in favor of abstention are the desirability of avoiding piecemeal litigation and the order in which the forums obtained jurisdiction. Considering the late stage of the Ohio state court proceedings and the similarities between the state and federal cases, abstention is appropriate at this time.

## V.      CONCLUSION

For the above reasons, this case is hereby **STAYED** until a judgment has been reached in the Ohio state court proceedings.

**SO ORDERED.**

**Date:  July 15, 2010**                    /s/ Nancy Gertner

                                          **NANCY GERTNER, U.S.D.C.**